UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

EMAD ALRAWASHDEH,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT

S1 25 Cr. 178 (JSR)

WHEREAS, on or about May 28, 2025, EMAD ALRAWASHDEH (the "Defendant"), was charged in an Superseding Indictment, S1 25 Cr. 178 (JSR) (the "Indictment"), with conspiracy to steal government funds and misappropriate USDA benefits, in violation of Title 18, United States Code, Section 371 (Count One); theft of government funds, in violation of Title 18, United States Code, Sections 641 and 2 (Count Two); and misappropriation of USDA benefits, in violation of Title 7, United States Code, Section 2024(b); Title 18, United States Code, Section 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Indictment also included a forfeiture allegation as to Counts One and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461(c), of any and all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, unauthorized use, transfer, acquisition, alternation, or possession of benefits; or presentation for payment or redemption of benefits that have been illegally received, transferred, or used; or proceeds traceable to such violations; including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, on or about 9/24/26, the Defendant pled guilty to Counts One through Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Indictment and agreed to forfeit, pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), a sum of money equal to $4,616,137 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Counts One through Three of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $4,616,137 in United States currency representing the amount of proceeds traceable to the offense charged in Counts One through Three of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Counts One through Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney James M. McDonald, United States Attorney, Assistant United States Attorney Joseph Zabel, of counsel, and the Defendant and his counsel, Deveraux Cannick, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $4,616,137 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Counts One through Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant EMAD ALRAWASHDEH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________ 9/23/2026
JOSEPH ZABEL DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-1559

EMAD ALRAWASHDEH

By: ______________________ 09/24/2026
EMAD ALRAWASHDEH DATE

By: ______________________ 09/24/2026
Deveraux Cannick DATE
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378

SO ORDERED:

______________________ 9/24/26
HONORABLE JED S. RAKOFF DATE
UNITED STATES DISTRICT JUDGE